**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Stephen J. TREADWAY and Kenneth W. Corba, Defendants.**

**No.  04 Civ.  3464(VM).**

United States District Court, S.D. New York.

July 26, 2005.

## DECISION AND ORDER

MARRERO, District Judge.

Defendants Stephen W. Treadway ("Treadway") and Kenneth W. Corba ("Corba") (collectively, "Defendants") have filed a motion pursuant to Fed.R.Civ.P. 72(a) objecting to the April 4, 2005 Order (the "Order") issued by Magistrate Judge James C. Francis IV. The Order denied Defendants' motion to compel discovery of proffer session notes prepared by attorneys for plaintiff Securities and Exchange Commission ("SEC") and withheld from discovery on the basis of work product privilege. Magistrate Judge Francis, after conducting an *in camera* review of the interview notes, concluded that the notes "are plainly attorney work product, reflecting the thought processes of counsel. They are not substantially verbatim transcripts that would be subject to discovery as witness statements." (Order at 1.) Magistrate Judge Francis also concluded that because the witnesses in question were available to be deposed, Defendants "have not established a substantial need for obtaining the notes" (Order at 1), as they would be required to do pursuant to Fed.R.Civ.P. 26(b)(3) in order to overcome any of the work product privilege attaching to the proffer session notes.[1]

Defendants, while acknowledging that the witnesses whose proffer session notes they seek are available for deposition, mount a complex argument in support of their contention that the Order was "clearly erroneous" or "contrary to law," as it must be for this Court to reverse Magistrate Judge Francis's Order pursuant to Fed.R.Civ.P. 72(a). Defendants appear to believe that these witnesses may give testimony at their depositions or at trial that is inconsistent with their earlier statements to the SEC, which were made before several of the witnesses allegedly became "cooperating witnesses" working on behalf of the SEC. (Memorandum of Law in Support of Defendants' Objections to the Magistrate Judge's Order Denying Defendants' Motion to Compel, dated April 20, 2005 ("Defendants' Mem.") at 1.) Consequently, they contend that they may be able to overcome the SEC's work product privilege, to the extent it exists, if the witnesses' trial and deposition testimony conflict with accounts of the witnesses' statements contained in the SEC lawyers' proffer session notes. (*See* Defendants' Mem. at 7 ("In order to question and impeach the witness on cross-examination, defendants have a substantial need to identify any inconsistencies in their stories.").) They seek to have the Court reserve judgment on their objections until trial, at which time they suggest that

> the Court can compare the witnesses' testimony to the notes of the proffer sessions and determine whether the witnesses' testimony is in fact consistent with their original stories to the Commission. If inconsistencies are apparent from the Court's *in camera* review, then the defendants will renew their application for the notes to permit an effective cross-examination along these lines.

(*Id.*)

 Defendants' position is meritless. The Court, having obtained the proffer session notes from Magistrate Judge Francis and conducted an independent *in camera* review of their contents, finds no error in the Order's determination that the notes represent attorney work product that, at least in part, "reflect[s] the thought processes of counsel." (Order at 1.) The close proximity of the dates on which the notes were pre-

---

1. Fed.R.Civ.P. 26(a)(3) states, in relevant part:

   [A] party may obtain discovery of documents and tangible things otherwise discoverable ... and prepared in anticipation of litigation or for trial ... only upon a showing that the party seeking discovery has *substantial need* of the materials in the preparation of the party's case and that the party is unable *without undue hardship* to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation.

   *Id.* (emphasis added).

pared to the date on which the instant action was filed, as well as the contents of the notes, make clear that the notes were prepared "in anticipation of litigation." Fed.R.Civ.P. 26(b)(3). They are entitled to work product protection on that basis.

Nor have Defendants demonstrated any error in Magistrate Judge Francis's determination that they have failed to overcome the work product protection attached to the documents. Even if elements of the notes could be considered "factual work product" from which the "mental impressions, conclusions, opinions, or legal theories of an attorney" could be redacted, *id.*, Rule 26(b)(3) nonetheless would prohibit the discovery of the factual work product unless Defendants could demonstrate that they would be unable to obtain "the substantial equivalent of the materials by other means" without "undue hardship." *Id.*

Defendants are free to question each of the witnesses at their depositions, and at trial, concerning the witnesses' statements to the SEC at various proffer sessions. No case cited by Defendants concludes that parties cannot, by deposing witnesses, obtain "the substantial equivalent" of earlier attorney interview notes of the same witnesses without "undue hardship." *SEC v. Thrasher,* No. 92 Civ. 6987, 1995 WL 46681 (S.D.N.Y. Feb. 7, 1995), the sole case cited by Defendants in support of their argument, is not to the contrary. It concludes that defendants may obtain factual work product contained within SEC proffer session notes where the witnesses whose notes are sought are *unavailable* for deposition, due to their invocation of their Fifth Amendment rights against self-incrimination or for other reasons. *See id.* at *8–*9.

The Court also declines to reserve judgment on Defendants' objections until trial. It fails to understand why Defendants would prefer to wait until trial to obtain potential impeachment material when objections that are adjudicated in a timely manner could resolve the issue before the witnesses' depositions. More fundamentally, the Court would be in an untenable position were it to have to "compare the witnesses' testimony [at depositions and trial] to the notes of the

proffer sessions and determine whether the witnesses' testimony is in fact consistent with their original stories to the Commission" (Defendants' Mem. at 7), as Defendants would have the Court do. The Court cannot be responsible for comparing three sources of witness testimony in the midst of trial, and then ordering discovery of proffer session notes at that time based on its own *in camera* views concerning potential inconsistencies among various versions of a witness's story. The Court's role in these matters is limited: it is to determine whether the notes represent attorney work product protected from disclosure by Fed.R.Civ.P. 26(b)(3). It is not the Court's function to rummage through the disputed material in search of conflicting testimony, and then to make what are essentially substantive credibility determinations and flag them for the benefit of Defendants. The impracticalities of the proposal are palpable. Defendants cite not a single case or rule in support of such a course.

For the reasons discussed above, it is hereby:

**ORDERED** that the motion [49] setting forth the Objections of defendant Stephen J. Treadway and Kenneth W. Corba to the Order dated April 4, 2005, of Magistrate Judge James C. Francis IV, and requesting that the Order be overruled, is DENIED.

**SO ORDERED.**